J. H. ROTTMAN DISTILLING COMPANY, Respondent,
v. DREW & GALLAGHER, Appellants.

### Kansas City Court of Appeals, May 2, 1898.

Appellate Practice. FILING ABSTRACT: RULE. Where abstracts are not filed in time and no reasonable excuse is shown for delay and the abstracts attempted to be filed are insufficient, the appeal will be dismissed.

*Appeal from the Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

APPEAL DISMISSED.

MILLER BROS. and B. B. GILL for appellants, filed brief on merits.

LEWIS A. CHAPMAN for respondent.

The appeal in this case should be dismissed for the reason that appellants have not complied with section 2253, Revised Statutes 1889, and rule 15 of this court, in that he has failed to file a printed abstract of the entire record, and serve upon respondent a copy of the same as required by said section 2253, and said rule. We understand the section 2253 to require that where the appellant causes to be filed a copy of judgment and order allowing an appeal, he must, within such time thereafter file printed abstracts of the entire record. Nolan v. Johns, 126 Mo. 167; Danforth v. R'y, 123 Mo. 197.

GILL, J.—On account of the appellants' failure to prosecute his appeal as required by section 2253 of the statute and rule 15 of this court, the appeal herein must be dismissed.

The case was brought here by what is called the short method—that is the appellants filed here May 31, 1897, a certified copy of the judgment entry and order granting the appeal and the cause was docketed for hearing at the following October term, and on the eighth day of said month. It was then the duty of the appellants to file with the clerk of this court, not later than October 7, 1897 (which was "the day next preceding the day on which the cause was docketed for hearing"), five copies of a printed abstract or abridgment of the record in said cause, setting forth so much thereof as was necessary to a full understanding of all the questions presented to this court for decision, etc.

But appellants failed to file any abstract at that time, and presented a stipulation signed by attorneys on both sides to the effect that time for filing abstract and brief be extended to the first day of the December call, 1897, and that such abstract with brief be served on respondent's counsel by November 10, 1897; and the cause was then continued for hearing to the present March term, 1898. Appellants were again delinquent; filed no abstract or brief on or before the December call, and failed as well to serve respondent's counsel with a copy thereof. On February 14, 1898, appellants' counsel did at last file a so-called abstract, and we presume about that time served respondent's counsel with a copy thereof.

No reasonable excuse is shown for all this delay. Respondent has now filed a motion to dismiss the appeal because of appellants' failure to file the abstract and brief within time, and besides complains that the so-called abstract is wholly insufficient. Respondent is right on both propositions; the abstract is out of time and the delay without valid excuse; and besides the document filed by appellants is so far short of the

requirements enjoined by the statute and our rules that we feel bound under rule 18 to dismiss the appeal. It is so ordered. All concur.